UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>        Plaintiff<br><br>v.<br><br>Edward Barshak, Alice Richmond, Robert Muldoon, Jr., Anthony Massimiano, William Kennedy, III, Margaret Marshall, John Wall<br><br>        Defendants | **04 12511 RWZ**<br><br>CIVIL COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>RECEIPT # 60398<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 7<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 11/30/04 |

MAGISTRATE JUDGE _____

### Preface

This complaint is plead under the standard now imposed by the First Circuit Court of Appeals for complaints filed in the district courts within the circuit, pursuant to it's decision in *Educadores Puertorriquenos En Accion et al. v. Cesar Rey Hernandez*, 367 F.3d 61 (1st Cir. 2004) which is based on the United States Supreme Court's holding in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) which holds that Rule 8(a), Fed. R. Civ. P. is the pleading standard for complaints filed in the federal district courts (There is no heightened pleading requirement).

### I. Introduction and Preliminary Statement

The Plaintiff brings this action to redress violations by the defendants, of Constitutional Rights secured and granted to the plaintiff by the Constitution of the United States and the Amendments attached to that Constitution. This action is pursuant to 42 U.S.C. §§§§ 1983, 1985(2), 1985(3), 1986 & 1988 to redress the deprivation under color of any statute, ordinance, regulation, custom or usage of rights privileges or immunities secured to the plaintiff by the First, Fifth and Fourteenth Amendments to the Constitution. In particular, the plaintiff's 1st

1

Amendment right to free speech and to petition the government for a redress of grievances; his 5th Amendment right to procedural due process, just compensation and the right to an occupation; his 14th Amendment right to procedural and substantive due process (equal protection of the laws) and right to an occupation.

## II. Parties

1. The plaintiff, John A. Baldi is a citizen of the United States residing at 19 Ledge Street, City of Melrose, County of Middlesex, Commonwealth of Massachusetts.

2. Defendant Edward Barshak is an attorney in the Commonwealth of Massachusetts, and a partner in the law firm of Sugarman, Rogers, Barshak & Cohen. He is also employed by the Commonwealth of Massachusetts as the Chairman of the Massachusetts Board of Bar Examiners, and performs his duties from 77 Franklin Street, Room 501, Boston, Ma. 02110. He is being sued in his personal capacity.

3. Defendant Alice Richmond is an attorney in the Commonwealth of Massachusetts, being sued in her personal capacity. She is employed by the Commonwealth as a member of the Massachusetts Board of Bar examiners, and performs her duties from 77 Franklin Street, Room 501, Boston, Ma. 02110 (Mr. Richmond is also has an official in the American.Bar Association).

4. Defendant Robert Muldoon, Jr. is an attorney in the Commonwealth of Massachusetts, being sued in his personal capacity. He is employed by the Commonwealth as a member of the Massachusetts Board of Bar Examiners and performs his duties from 77 Franklin Street, Room 501, Boston, Ma. 02110.

5. Defendant Anthony Massimiano is an attorney in the Commonwealth of

2

Massachusetts, being sued in his personal capacity. He is employed by the Commonwealth as a member of the Massachusetts Board of Bar Examiners and performs his duties from 77 Franklin Street, Room 501, Boston, Ma. 02110.

6. Defendant William Kennedy, III, is an attorney in the Commonwealth of Massachusetts being sued in his personal capacity. He is employed by the Commonwealth as a member of the Massachusetts Board of Bar Examiners and performs his duties from 77 Franklin Street, Room 501, Boston, Ma. 02110.

7. Defendant Margaret Marshall is the Chief Justice of the Supreme Judicial Court For Suffolk County and is being sued in her personal capacity not for judicial acts, but administrative acts that she failed to perform which allowed for the plaintiff's Constitutional rights to be violated by the other defendants. Justice Marshall performs her administrative duties from One Beacon Street, 3rd Floor, Boston, Ma. 02108.

8. Defendant John Wall is an attorney in the Commonwealth of Massachusetts being sued in his personal capacity. He performs his duties from 1 Commercial Wharf, West, Boston, Ma. 02110.

### III. Jurisdiction and Venue

9. Jurisdiction is conferred on the District Court pursuant to 42 U.S.C. § 1983 to redress the deprivation under color statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to the citizenry by he Constitution of the United States.

10. Jurisdiction is conferred on the district courts by 28 U.S.C. §§1331 & 1343(a)(1), (2), (3) and (4), which confer original jurisdiction on the district courts.

11. Venue is conferred on this district court by 28 U.S.C. § 1391(a) & (b).

### IV.  Facts

12. The plaintiff is a graduate of the Massachusetts School of Law who has taken and passed both the Multi-State Professional Responsibility Exam and the Massachusetts Bar Exam.

13. The plaintiff completed his studies at the Massachusetts School of Law in December of 2002, and filed his application to take the February 2003 Bar Exam (administered 2/26-2/27) with the Clerk of the Supreme Judicial Court for Suffolk County on December 16, 2002.

14. While sitting for the essay portion of the Bar Exam on February 27, 2003, the plaintiff observed that the fact pattern for question number 7, dictated a factual impossibility as written. It appeared that the word include was where exclude should be and vic versa, so the plaintiff arose from his seat and quietly went to the monitor in the front of the room to ask if there was a printing error. The monitor did not know and summoned defendant Alice Richmond to the room to answer the question.

15. Ms. Richmond came to the plaintiff to answer his question. The plaintiff explained to her that the fact pattern presented a factual impossibility as written, but if the location of the words include and exclude were swapped, what appeared to be the desired intent of the question could be obtained. The plaintiff informed Ms. Richmond that he didn't know if it was a trick question to check the attentiveness of the exam takers, or an error in the printing. Plaintiff also informed Ms. Richmond that he knew the answer to the question both as written and as he perceived the examiners to have wanted it, and that he just wanted to know which of the answers the board was looking for so that he would not fail the exam based on that particular question. Ms Richmond informed the plaintiff that the question as written was not a factual

impossibility, that it was correctly written, to answer it as written, and that question 7 would not be a reason for the plaintiff to receive a failing grade on the Bar Exam.

16. When he finished the exam, plaintiff went to the office of the exam administrators and spoke with Elaine Vietri about question 7 because he was still concerned about the wording. Ms. Vietri also informed the plaintiff as did Ms. Richmond, that question 7 would not be a reason for the plaintiff to receive a failing grade on the Bar Exam.

17. The plaintiff gave the correct answer to question 7 as written, but when scored by the bar examiners was given only 1 point out of a possible 7 points for his correct answer, and because of this the plaintiff received a failing grade for that bar exam.

18. With a letter to defendant Barshak dated May 27, 2003, the plaintiff asked for the Bar Examiners to look at essay questions 7-9 on his exam and re-grade it, but the board declined to do so.

19. On June 2, 2003, the plaintiff filed a "Petition For A Writ Of Mandamus Or Injunctive Relief", with the clerk of the Supreme Judicial Court For the Commonwealth Of Massachusetts, seeking to have the Court address what the plaintiff perceived as the in discrepancies in essay questions 7 & 9, but the Court denied plaintiff's petition.

20. The plaintiff then applied to take, took, and passed the July 2003 Massachusetts Bar Exam.

21. The applicants who took and passed the July 2003 exam were admitted to the Massachusetts Bar by the Supreme Court in December of 2003, with the exception of the plaintiff. Without explanation as to why, the Bar Examiners never provided the Supreme Court with his application so they could rule as to whether or not he would be admitted to the bar.

22. His application for admittance to the Bar not being acted upon, the Plaintiff then filed a "Petition For Declaratory Judgment" and "Injunctive Relief" with the United States District Court, case number 04-10198-JLT, and the Bar Examiners answered with their objection.

23. At a hearing in the District Court, counsel for the Bar Examiners informed the Judge that the Plaintiff's application was not given to the State Supreme Court to be acted upon because they were looking to investigate his character, and had now found someone to do that, a Mr. John Wall, and when his investigation was complete the plaintiff would be given a hearing as to his application. The trial judge informed counsel for the Respondents that the Petitioner did have rights, and that they could not keep him dangling indefinitely.

24. The Respondents filed a motion to dismiss Mr. Baldi's petition for lack of subject matter jurisdiction and the motion was granted.

25. Plaintiff received a subpoena from the U.S. District Court in N.H. to look at his file held by the Massachusetts Board of Bar Examiners, and found that someone had marked the February 2003 examination booklet with "MSL" indicating the law school he went to (exams are supposed to be graded blind) and a statement that he was rude to Alice during the exam (plaintiff was not rude to anyone during the taking of the exam).

26. The plaintiff subpoenaed defendant Barshak for a deposition and accompanying the subpoena was the appropriate witness fee and travel payment in the form of a money order. Defendant Barshak responded with a letter to the plaintiff threatening to use that against him in his application for admittance to the bar if the plaintiff did not withdraw the subpoena. The plaintiff refused to withdraw the subpoena and defendant Barshak filed a motion to quash the

subpoena.

27. On 1/27/04, the district court denied the motion to quash and temporarily stayed the subpoena, the plaintiff then responded to the order and allowed the subpoena to be quashed.

28. Plaintiff asked defendant Barshak to return the witness fee and travel expense on numerous occasions and he steadfastly refuses to do so. Under Massachusetts law, money orders are property, and Mr. Barshak has converted the plaintiff's property to his own use under the color of state law (Bar Examiners have state immunity from civil actions).

29. Defendant Wall file a report on the plaintiff's character with the "Board Of Bar Examiners" in which he was deliberately untruthful, and told the board, untruthfully, that the plaintiff lied on his bar application.

30. On June 29, 2004 a hearing was held during which the plaintiff provide witnesses to his character and exposed the untruthfulness of defendant Wall.

31. The plaintiff has waited until this the last day of November 2004 to file this suite hoping that the "Board of Bar Examiners would forward his application for admittance to the Massachusetts Bar to be ruled on by the Supreme Court, but they refused, even though required by rule to do so.

32. The plaintiff can wait no longer to file this civil action or the statute of limitations for a suite pursuant to 42 U.S.C. § 1986 will have run.

**COUNT 1** - Violation of The Plaintiff's 1st Amendment Right to Free Speech and to Petition the Government For a Redress of Grievances (42 U.S.C. § 1983).

33. The plaintiff repeats and re-alleges each and every allegation set forth above.

34. Defendant Alice Richmond in a retaliatory action is unconstitutional denying the plaintiff his 5th Amendment right to an occupation for having exercised his 1st Amendment right

7

to free speech and to redress a grievance when he questioned the intent and accuracy of essay question 7 on the February 2003 Bar Exam, and for this the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs and attorney's fees.

**COUNT 2-** 42 U.S.C. § 1986, Action For Neglect To Prevent

    35. The plaintiff repeats and re-alleges each and every allegation set forth above.

    36. When the plaintiff passed the July 2003 Bar Exam, defendants Barshak, Muldoon, Massimiano, Kennedy and Marshall had the ability to prevent the retaliatory action of defendant Richmond. For neglect to prevent, the plaintiff seek 5 million dollars in compensatory damages from the afore named defendants as well as punitive damages, costs and attorney's fees.

**COUNT 3-** 42 U.S.C. § 1985(2) Conspiracy To Interfere With Civil Rights by "obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons to the equal protection of the laws;"

    37. The plaintiff repeats and re-alleges each and every allegation set forth above.

    38. Defendants Barshak, Richmond, Muldoon, Massimiano, Kennedy, Marshall and Wall conspired to interfere with the plaintiff's 5th Amendment right to an occupation, 5th Amendment right to procedural due process, 14th Amendment right to procedural and substantive due process (equal protection of law), and for those violations the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs and attorney's fees.

**COUNT 4-** 42 U.S.C. § 1985(3) Conspiracy To Interfere With Civil Rights by conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of laws;"

    39. The plaintiff repeats and re-alleges each and every allegation set forth above.

8

40. The plaintiff meets the class requirement of § 1985(3) where he was discriminated against because he was in a class of applicants who graduated from a law school that is not accredited by the American Bar Association; he is in a class of applicants who expressed their right to free speech and to petition the government for a redress of grievances.

41. For their conspiracy to violate the plaintiff's 5th Amendment Constitutional right to an occupation, and procedural due process, his 14th Amendment Constitutional right to an occupation, procedural and substantive due process, the plaintiff seeks compensatory damages of 5 million dollars, punitive damages, costs and attorney's fees from defendants Barshak, Richmond, Muldoon, Massimiano, Kennedy, Marshall and Wall.

**COUNT 5** - 42 U.S.C., Action for neglect to prevent

42. The plaintiff repeats and re-alleges each and every allegation set forth above.

43. Defendant Marshall had the authority to prevent the conspiracy via 42 U.S.C. §§ 1895(2) & (3) against the plaintiff by the other defendants and failed to do so. For her neglect to prevent, the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs and attorney's fees from defendant Marshall.

**COUNT 6** - 42 U.S.C. § 1983, for violation of (under color of state law) the Plaintiff's 5th Amendment right to procedural due process, just compensation for the taking of his property, violation of his 14th Amendment right to procedural and substantive due process, and retaliation against the plaintiff for exercising procedural due process.

44. The plaintiff repeats and re-alleges each and every allegation set forth above.

45. Defendant Barshak violated the plaintiff's Constitutional rights as stated above when he refused to return the witness fee, and travel expense provided by the plaintiff, and he further violated the plaintiff's Constitutional rights when he threatened the plaintiff in writing, to

9

use the federal subpoena as a reason to deny him admittance to the Massachusetts Bar. For these violations the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs and attorney's fees.

**COUNT 7-** 42 U.S.C. § 1986 Neglect to prevent the violations of defendant Barshak as stated in Count 6.

46. The plaintiff repeats and re-alleges each and every allegation set forth above.

47. For their neglect in preventing defendant Barshak from violating the Constitutional rights of the plaintiff as stated above, the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs and attorney's fees from defendants Richmond, Muldoon, Massimiano, Kennedy, and Marshall.

**COUNT 8 -** 42 U.S.C. § 1983, for the denial under the color of state law, the plaintiff's 5th Amendment right to an occupation and procedural due process, and his 14th Amendment right to an occupation, procedural and substantive due process.

48. The plaintiff repeats and re-alleges each and every allegation set forth above.

49. For the violation of the his Constitutional rights as stated above, the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs and attorney's fees from defendants Barshak, Richmond, Muldoon, Massimiano, and Kennedy.

**COUNT 9 -** 42 U.S.C. § 1986, for neglect to prevent the violations stated above in Count 8.

50. The plaintiff repeats and re-alleges each and every allegation set forth above.

51. Defendant Marshall had the authority and the ability to prevent the violations alleged in Count 8 and neglected to do so. For that neglect, the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs and attorney's fees.

**COUNT 10 -** 42 U.S.C. § 1983, for the creation of an untruthful report on the plaintiff so as to deny him his 5th Amendment right to an occupation.

10

52. The plaintiff repeats and re-alleges each and every allegation set forth above.

53. Defendant Wall maliciously and intentionally, falsely reported to the Board of Bar Examiners that the plaintiff was untruthful and of poor character so that he would not be admitted to the Massachusetts Bar. For Walls intentional portrayal of the plaintiff to be other than he is so as to deny him his 5th & 14th Amendment right to an occupation the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs and attorney's fees.

**COUNT 11** - 42 U.S.C. § 1986, action for neglect to prevent.

54. The plaintiff repeats and re-alleges each and every allegation set forth above.

55. Defendants Barshak, Richmond, Muldoon, Massimiano and Kennedy had knowledge of the untruthfulness of defendant Wall's report and had the ability to prevent it for denying the plaintiff his right to an occupation as stated above in Count 10, but refused to do so. For their neglect the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs, and attorney's fees.

November 30, 2004

Respectfully submitted,

*/s/ J. A. Baldi*

John A. Baldi, Pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** John A. Baldi

**DEFENDANTS** Edward Barshak, Alice Richmond, Robert Muldoon Jr, Anthony Massimiano, William Kennedy III, Margaret Marshall, John Wall

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)** Pro se

**ATTORNEYS (IF KNOWN)** 04 12511 RWZ

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
|  |  / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
|  | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  |  |  |
|  |  / ☐ 370 Other Fraud |  |  |  |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage |  |  | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **HABEAS CORPUS:** |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property |  / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 |  |
|  | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Civil Rights Complaint Pursuant To 42 U.S.C. §§ 1983, 1985(2)(3), 1986, 1988

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 5,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) John A. Boldi v. Edward Barshak

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **04 12511 RWZ**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES    (NO)

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  John A. Boldi, Pro Se
ADDRESS  19 Lodge St, Melrose, Ma, 02176
TELEPHONE NO.  (781) 665-5011

(Cover sheet local.wpd - 11/27/00)