UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -9  A 10: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| John A. Baldi, | |
|                Plaintiff | |
| v. | Civil No. 04-12511-RWZ |
| Edward Barshak, et al., | |
|                Defendants | |

## PLAINTIFF'S OBJECTION TO "DEFENDANTS' MOTION TO ENLARGE TIME"

Before the Court is the "Defendants' Motion To Enlarge Time", to which the Plaintiff objects, and in support of his objection he offers the following:

1. On November 30, 2004, the Plaintiff filed his civil rights complaint with the District Court, and on that same day, pursuant to Rule 4(d), Fed. R. Civ. P., mailed a copy of the complaint, two waivers of service of summons, and a stamped self addressed envelope to each of the defendants in the above captioned matter.

2. Rule 4(d)(3) grants the defendant, "60 days after the date on which the request for waiver of service was sent," to file a responsive pleading to the complaint, thus making January 29, 2005 the due date for the defendants responsive pleadings.

3. The week of January 23, 2005 (plaintiff believes the exact date to be 1/26/05), Teresa Walsh, counsel for the defendants, telephoned the Plaintiff asking his concurrence on a motion to enlarge. The plaintiff was not in at the time of the call, returned the call, but Ms. Walsh was not available when the call was returned.

4. On January 27, 2005 the Plaintiff and Ms. Walsh made telephone contact and in

1

that conversation the plaintiff was asked to assent to Ms. Walsh's motion to enlarge from February 14, 2005 until March 15, 2005. The plaintiff asked why so great an enlargement was needed, and informed Ms. Walsh that in two (2) days she would be in default, already having been allowed 60 days to respond rather than the 20 days allowed if waiver of service of summons had not taken place. In addition, plaintiff also informed Ms. Walsh that because the waiver of service of summons had not been responded to by her clients, he had secured summons from the Court and asked if she was going to waive service or if plaintiff should have the summons served.. [1]Ms. Walsh responded that she needed the extra time because she "did not get this case until December, and that the case docket shows the response date to be February 14, 2005." In addition, Ms. Walsh informed the plaintiff that the waivers of service of summons had not all been returned because she was having difficulty getting them from her clients. The Plaintiff responded to Ms. Walsh that he thought an enlargement to March 15, 2005 was excessive and that he would not assent to it, whereupon Ms. Walsh hung up on the Plaintiff before he could tell her that he would concur to a shorter enlargement.

5.    On Monday, January 31, Plaintiff again spoke with Ms. Walsh and asked her if she was going to file her "Motion To Enlarge". Whereupon she informed the plaintiff that she did so last week, electronically, and that a copy was provide to the Plaintiff. Mr. Baldi then informed the plaintiff that he had not received a copy of her motion and asked her to send him one. Ms. Walsh responded that it was electronically filed and that it was the Plaintiff's responsibility to go

---

[1] On February 8, 2005 the plaintiff went to the District Court and personally spoke with the Judges clerk's assistant and questioned him as to how February 14, 2005 came to be the due date for responsive pleadings, whereupon he observed that he erred in that matter, using the date on which the defendants signed the waives rather than the date on which they were sent by the plaintiff. That error is now being corrected by the Court.

2

to the Courts web site and retrieve a copy (this is not an electronically filed case).

6. On February 7, 2005, after still not receiving a copy of her motion to enlarge from Ms. Walsh, the Plaintiff went to the Clerk's Office of the District Court and secured a copy from the clerk's assistant. In that motion, Rosemary Connolly certifies that a copy of the motion was sent to the plaintiff first class mail. The plaintiff does not wish to challenge the truthfulness of Ms. Connolly's Certification, but emphatically states that at not time has he ever received a copy of the defendants motion to enlarge from their counsel. In addition, the plaintiff believes Ms. Walsh erred (honest mistake) in her affidavit, P.4 where she alleges that she spoke with him on January 26, 2005, that was the day we played phone tag, January 27, 2005 was the day we spoke.

7. In P. 3 of her affidavit accompanying the motion to enlarge, Ms. Walsh confirms that it is her clients that have not "executed waivers of summons and other necessary documents", and that is a reason for her request for an enlargement.

## Argument Against Enlargement To March 15, 2005

All of the defendants in this cause of action are licensed attorneys in the Commonwealth of Massachusetts and have been practicing law for decades. They are fully aware of the law and the Fed. R. Civ. P. And have by their own choice, failed to comply with them, and have also failed to cooperate with their counsel in an expeditious manner as shown in P.3 of Ms. Walsh's affidavit. Executed waivers of service of summons allows a defendant an additional 40 days to file a responsive pleading, beyond the 20 days allowed if summons was served. Besides that, the main issue in the complaint is the defendants failure to perform their duties in an expeditious manner, they have already kept the Plaintiff waiting "YEARS". They should not be rewarded for such behavior with a gross enlargement of time to respond.

However, the Plaintiff realizes that defendants counsel was impeded in her representation of the defendants by their actions and that she should not be penalized in her ability to represent them for this. In addition, the Courts error as to the due date for responsive pleadings added additional confusion as to Ms. Walsh's obligations. The Plaintiff believes that February 28, 2005 is a reasonable time for enlargement to be granted to the defendants and would have concurred to that if Ms. Walsh did not hang up on him. It is now February 9, 2005, and presuming Ms. Walsh will get this objection mailed this day, on the 10th, that allows her 18 more days to file responsive pleadings. If the defendants maintain their belligerence and fail to cooperate with their counsel, by then, a default is warranted.

WHEREFORE, the Plaintiff requests for this most Honorable Court to:

A. Deny the "Defendants Motion To Enlarge" as to March 15, 2005; and

B. Grant the defendants an enlargement to February 28, 2005; and

C. Inform the defendants they will be in default if responsive pleadings are not docketed with the Court and served upon the Plaintiff by February 28, 2005.

Respectfully submitted,

Dated: February 9, 2005

*/s/ John A. Baldi*

John A. Baldi, pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

### Certification of Service

I certify that a copy of this document was sent U.S. Mail to Assistant Attorney General Teresa Walsh, One Ashburton Place, Room 1813, Boston, Ma. 02108, on February 9, 2005.

*/s/ John A. Baldi*

4