UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
AT CLERK'S OFFICE

2005 MAR 28  P 12: 0 1

DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| John A. Baldi, | ) | **1st AMENDED COMPLAINT** |
| | ) | |
| Plaintiff | ) | **PETITION FOR DECLARATORY** |
| v. | ) | **JUDGMENT, INJUNCTIVE RELIEF,** |
| | ) | **AND CIVIL RIGHTS TORT CLAIMS** |
| Edward Barshak, Alice Richmond, Robert | ) | |
| Muldoon, Jr., Anthony Massimiano, William | ) | **CIVIL NO.  0-12511-RWZ** |
| Kennedy, III, Margaret Marshall, John Wall | ) | |
| Richard Tisei, Mitt Romney, and | ) | **DEMAND FOR JURY TRIAL** |
| Thomas Reilly | ) | **ON TORT COUNTS AND EQUITY** |
| | ) | **AWARDS** |
| Defendants | ) | |
| | ) | |

## PLAINTIFF'S 1ST AMENDED COMPLAINT IN ACCORDANCE WITH RULE 15(a), FEDERAL RULES OF CIVIL PROCEEDURE

### Preface

This amended complaint is plead in accordance with Rule 8(a), Fed. R. Civ. P., the standard now imposed by the First Circuit Court of Appeals for complaints filed in the district courts within the circuit.  The pleading standard is pursuant to the Circuit Court's decision in *Educadores Puertorriquenos En Accion et al. v. Cesar Rey Hernandez*,367 F.3d 61 (1stCir. 2004) which is based on the United States Supreme Court's holding in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), reaffirming it's precedent in *Conley v. Gibson,* 355 U.S. 41 (1957), holding that Rule 8(a), Fed. R. Civ. P. is the pleading standard for complaints filed in the federal district courts (There is no heightened pleading requirement).

### I.  Introduction and Preliminary Statement

The Plaintiff brings this action to redress violations by the defendants, of Constitutional Rights secured and granted to the plaintiff by the Constitution of the United States and the

Amendments attached to that Constitution.  This action is pursuant to 42 U.S.C. §§§§§ 1983,

1985(2), 1985(3), 1986 & 1988 to redress the deprivation under color of any statute, ordinance,

regulation, custom or usage of rights privileges or immunities secured to the plaintiff by the First,

Fifth and Fourteenth Amendments to the Constitution.  In particular, the plaintiff's 1st

Amendment right to free speech and to petition the government for a redress of grievances; his

5th Amendment right to procedural due process, just compensation and the right to an occupation;

his 14th Amendment right to procedural and substantive due process (equal protection of the

laws) and right to an occupation.

## II.  Parties

1.      The plaintiff, John A. Baldi is a citizen of the United States residing at 19 Ledge

Street, City of Melrose, County of Middlesex, Commonwealth of Massachusetts.

2.      Defendant Edward Barshak is an attorney in the Commonwealth of

Massachusetts, and a partner in the law firm of Sugarman, Rogers, Barshak & Cohen.  He is also

employed by the Commonwealth of Massachusetts as the Chairman of the Massachusetts Board

of Bar Examiners, and performs his duties from 77 Franklin Street, Room 501, Boston, Ma.

02110.  He is being sued in his personal capacity.

3.      Defendant Alice Richmond is an attorney in the Commonwealth of

Massachusetts, being sued in her personal capacity.  She is employed by the Commonwealth as a

member of the Massachusetts Board of Bar examiners, and performs her duties from 77 Franklin

Street, Room 501, Boston, Ma. 02110 (Mr. Richmond is also has an official in the American.Bar

Association).

4.      Defendant Robert Muldoon, Jr. is an attorney in the Commonwealth of

Massachusetts, being sued in his personal capacity. He is employed by the Commonwealth as a member of the Massachusetts Board of Bar Examiners and performs his duties from 77 Franklin Street, Room 501, Boston, Ma. 02110.

5.    Defendant Anthony Massimiano is an attorney in the Commonwealth of Massachusetts, being sued in his personal capacity. He is employed by the Commonwealth as a member of the Massachusetts Board of Bar Examiners and performs his duties from 77 Franklin Street, Room 501, Boston, Ma. 02110.

6.    Defendant William Kennedy, III, is an attorney in the Commonwealth of Massachusetts being sued in his personal capacity. He is employed by the Commonwealth as a member of the Massachusetts Board of Bar Examiners and performs his duties from 77 Franklin Street, Room 501, Boston, Ma. 02110.

7.    Defendant Margaret Marshall is the Chief Justice of the Supreme Judicial Court For Suffolk County and is being sued in her personal capacity not for judicial acts, but administrative acts that she failed to perform which allowed for the plaintiff's Constitutional rights to be violated by the other defendants. Justice Marshall performs her administrative duties from One Beacon Street, 3rd Floor, Boston, Ma. 02108.

8.    Defendant John Wall is an attorney in the Commonwealth of Massachusetts being sued in his personal capacity. He performs his duties from 1 Commercial Wharf, West, Boston, Ma. 02110.

9.    Defendant Richard Tisei, is a State Senator in the Commonwealth of Massachusetts representing the 3rd Middlesex District, the district in which the plaintiff resides. He maintains an office in that "District" from which he conducts his duties, at 979 Main Street, Wakefield,

3

Massachusetts v01880.

10.     Defendant Mitt Romney is the Governor of Massachusetts.  He performs his duties from his office in the State House Building, Boston, Massachusetts 02133.

11.     Defendant Thomas Reilly, is the Attorney General for the Commonwealth of Massachusetts.  He preforms his duties from his office at One Ashburton Place, Boston, Massachusetts 02108.

### III.  Jurisdiction and Venue

12.     Jurisdiction is conferred on the District Court pursuant to 42 U.S.C. § 1983 to redress the deprivation under color statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to the citizenry by he Constitution of the United States.

13.     Jurisdiction is conferred on the district courts by 28 U.S.C. §§1331 & 1343(a)(1), (2), (3) and (4), which confer original jurisdiction on the district courts.

14.     Jurisdiction and venue to make declaratory judgments and impose injunctive relief is conferred upon this Court by Chapter 151-Declaratory Judgments, Title 28 U.S.C. §§ 2201 & 2202.

15.     Venue is conferred on this district court by 28 U.S.C. § 1391(a) & (b).

### IV.  Facts

16.     The plaintiff is a graduate of the Massachusetts School of Law who has taken and passed both the Multi-State Professional Responsibility Exam and the Massachusetts Bar Exam.

17.     The plaintiff completed his studies at the Massachusetts School of Law in December of 2002 , and filed his application to take the February 2003 Bar Exam (administered 2/26-2/27) with the Clerk of the Supreme Judicial Court for Suffolk County on December 16, 2002.

18.    While sitting for the essay portion of the Bar Exam on February 27, 2003, the plaintiff observed that the fact pattern for question number 7, dictated a factual impossibility as written. It appeared that the word include was where exclude should be and vic versa, so the plaintiff arose from his seat and quietly went to the monitor in the front of the room to ask if there was a printing error. The monitor did not know and summoned defendant Alice Richmond to the room to answer the question.

19.    Ms. Richmond came to the plaintiff to answer his question. The plaintiff explained to her that the fact pattern presented a factual impossibility as written, but if the location of the words include and exclude were swapped, what appeared to be the desired intent of the question could be obtained. The plaintiff informed Ms. Richmond that he didn't know if it was a trick question to check the attentiveness of the exam takers, or an error in the printing. Plaintiff also informed Ms. Richmond that he knew the answer to the question both as written and as he perceived the examiners to have wanted it, and that he just wanted to know which of the answers the board was looking for so that he would not fail the exam based on that particular question. Ms Richmond informed the plaintiff that the question as written was not a factual impossibility, that it was correctly written, to answer it as written, and that question 7 would not be a reason for the plaintiff to receive a failing grade on the Bar Exam.

20.    When he finished the exam, plaintiff went to the office of the exam administrators and spoke with Elaine Vietri about question 7 because he was still concerned about the wording. Ms. Vietri also informed the plaintiff as did Ms. Richmond, that question 7 would not be a reason for the plaintiff to receive a failing grade on the Bar Exam.

21.    The plaintiff gave the correct answer to question 7 as written, but when scored by

the bar examiners was given only 1 point out of a possible 7 points for his correct answer, and because of this the plaintiff received a failing grade for that bar exam.

22.     With a letter to defendant Barshak dated May 27, 2003, the plaintiff asked for the Bar Examiners to look at essay questions 7-9 on his exam and re-grade it, but the board declined to do so.

23.     On June 2, 2003, the plaintiff filed a "Petition For A Writ Of Mandamus Or Injunctive Relief", with the clerk of the Supreme Judicial Court For the Commonwealth Of Massachusetts, seeking to have the Court address what the plaintiff perceived as the in discrepancies in essay questions 7 & 9, but the Court denied plaintiff's petition.

24.     The plaintiff then applied to take, took, and passed the July 2003 Massachusetts Bar Exam.

25.     The applicants who took and passed the July 2003 exam were admitted to the Massachusetts Bar by the Supreme Court in December of 2003, with the exception of the plaintiff.  Without explanation as to why, the Bar Examiners never provided the Supreme Court with his application so they could rule as to whether or not he would be admitted to the bar.

26.     His application for admittance to the Bar not being acted upon, the Plaintiff then filed a "Petition For Declaratory Judgment" and "Injunctive Relief" with the United States District Court, case number 04-10198-JLT, and the Bar Examiners answered with their objection.

27.     At a hearing in the District Court, counsel for the Bar Examiners informed the Judge that the Plaintiff's application was not given to the State Supreme Court to be acted upon because they were looking to investigate his character, and had now found someone to do that, a

6

Mr. John Wall, and when his investigation was complete the plaintiff would be given a hearing

as to his application. The trial judge informed counsel for the Respondents that the Petitioner did

have rights, and that they could not keep him dangling indefinitely.

28.    The Respondents filed a motion to dismiss Mr. Baldi's petition for lack of subject

matter jurisdiction and the motion was granted.

29.    Plaintiff received a subpoena from the U.S. District Court in N.H. to look at his

file held by the Massachusetts Board of Bar Examiners, and found that someone had marked the

February 2003 examination booklet with "MSL" indicating the law school he went to (exams are

supposed to be graded blind) and a statement that he was rude to Alice during the exam (plaintiff

was not rude to anyone during the taking of the exam).

30.    The plaintiff subpoenaed defendant Barshak for a deposition and accompanying

the subpoena was the appropriate witness fee and travel payment in the form of a money order.

Defendant Barshak responded with a letter to the plaintiff threatening to use that against him in

his application for admittance to the bar if the plaintiff did not withdraw the subpoena. The

plaintiff refused to withdraw the subpoena and defendant Barshak filed a motion to quash the

subpoena.

31.    On 1/27/04, the district court denied the motion to quash and temporarily stayed

the subpoena, the plaintiff then responded to the order and allowed the subpoena to be quashed.

32.    Plaintiff asked defendant Barshak to return the witness fee and travel expense on

numerous occasions and he steadfastly refuses to do so. Under Massachusetts law, money orders

are property, and Mr. Barshak has converted the plaintiff's property to his own use under the

color of state law (Bar Examiners have state immunity from civil actions).

33.    Defendant Wall file a report on the plaintiff's character with the "Board Of Bar Examiners" in which he was deliberately untruthful, and told the board, untruthfully, that the plaintiff lied on his bar application.

34.    On June 29, 2004 a hearing was held during which the plaintiff provide witnesses to his character and exposed the untruthfulness of defendant Wall.

35.    The plaintiff has waited until this the last day of November 2004 to file this suite hoping that the "Board of Bar Examiners would forward his application for admittance to the Massachusetts Bar to be ruled on by the Supreme Court, but they refused, even though required by rule to do so.

36.    The plaintiff can wait no longer to file this civil action or the statute of limitations for a suite pursuant to 42 U.S.C. § 1986 will have run.

**COUNT 1 -** Violation of The Plaintiff's 1st Amendment Right to Free Speech and to Petition the Government For a Redress of Grievances (42 U.S.C. § 1983) .

37.    The plaintiff repeats and re-alleges each and every allegation set forth above.

38.    Defendant Alice Richmond in a retaliatory action is unconstitutional denying the plaintiff his 5th Amendment right to an occupation for having exercised his 1st Amendment right to free speech and to redress a grievance when he questioned the intent and accuracy of essay question 7 on the February 2003 Bar Exam, and for this the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs and attorney's fees.

**COUNT 2-** 42 U.S.C. § 1986, Action For Neglect To Prevent

39.    The plaintiff repeats and re-alleges each and every allegation set forth above.

40.    When the plaintiff passed the July 2003 Bar Exam, defendants Barshak, Muldoon, Massimiano, Kennedy and Marshall had the ability to prevent the retaliatory action of defendant

8

Richmond.  For neglect to prevent, the plaintiff seek 5 million dollars in compensatory damages

from the afore named defendants as well as punitive damages, costs and attorney's fees.

**COUNT 3-** 42 U.S.C. § 1985(2) Conspiracy To Interfere With Civil Rights by "obstructing, or
defeating, in any manner, the due course of justice in any State or Territory, with
intent to deny to any citizen the equal protection of the laws, or to injure him or his
property for lawfully enforcing, or attempting to enforce, the right of any person, or
class of persons to the equal protection of the laws;"

41.    The plaintiff repeats and re-alleges each and every allegation set forth above.

42.    Defendants Barshak, Richmond, Muldoon, Massimiano, Kennedy, Marshall and

Wall conspired to interfere with the plaintiff's 5th Amendment right to an occupation, 5th

Amendment right to procedural due process, 14th Amendment right to procedural and substantive

due process (equal protection of law), and for those violations the plaintiff seeks 5 million dollars

in compensatory damages, punitive damages, costs and attorney's fees.

**COUNT 4-**42 U.S.C. § 1985(3) Conspiracy To Interfere With Civil Rights by conspiring "for the
purpose of depriving, either directly or indirectly, any person or class of persons of
the equal protection of the laws, or of equal privileges and immunities under the
laws; or for the purpose of hindering the constituted authorities of any State or
Territory from giving or securing to all persons within such State or Territory the
equal protection of laws."

43.    The plaintiff repeats and re-alleges each and every allegation set forth above.

44.    The plaintiff meets the class requirement of § 1985(3) where he was

discriminated against because he was in a class of applicants who graduated from a law school

that is not accredited by the American Bar Association; he is in a class of applicants who

expressed their right to free speech and to petition the government for a redress of grievances.

45.    For their conspiracy to violate the plaintiff's 5th Amendment Constitutional right

to an occupation, and procedural due process, his 14th Amendment Constitutional right to an

occupation, procedural and substantive due process, the plaintiff seeks compensatory damages of

5 million dollars , punitive damages, costs and attorney's fees from defendants Barshak,

Richmond, Muldoon, Massimiano, Kennedy, Marshall and Wall.

**COUNT 5** - 42 U.S.C., Action for neglect to prevent

46.    The plaintiff repeats and re-alleges each and every allegation set forth above.

47.    Defendant Marshall had the authority to prevent the conspiracy via 42 U.S.C. §§

1985(2) & (3) against the plaintiff by the other defendants and failed to do so.  For her neglect to

prevent, the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs

and attorney's fees from defendant Marshall.

**COUNT 6** - 42 U.S.C. § 1983, for violation of (under color of state law) the Plaintiff's 5th
            Amendment right to procedural due process, just compensation for the taking of his
            property, violation of his 14th Amendment right to procedural and substantive due
            process, and retaliation against the plaintiff for exercising procedural due process.

48.    The plaintiff repeats and re-alleges each and every allegation set forth above.

49.    Defendant Barshak violated the plaintiff's Constitutional rights as stated above

when he refused to return the witness fee, and travel expense provided by the plaintiff, and he

further violated the plaintiff's Constitutional rights when he threatened the plaintiff in writing, to

use the federal subpoena as a reason to deny him admittance to the Massachusetts Bar.  For these

violations the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs

and attorney's fees.

**COUNT 7** - 42 U.S.C. § 1986 Neglect to prevent the violations of defendant Barshak as stated in
            Count 6.

50.    The plaintiff repeats and re-alleges each and every allegation set forth above.

51.    For their neglect in preventing defendant Barshak from violating the

Constitutional rights of the plaintiff as stated above, the plaintiff seeks 5 million dollars in

compensatory damages, punitive damages, costs and attorney's fees from defendants Richmond,

Muldoon, Massimiano, Kennedy, and Marshall.

**COUNT 8 -** 42 U.S.C. § 1983, for the denial under the color of state law, the plaintiff's 5th
Amendment right to an occupation and procedural due process, and his 14th
Amendment right to an occupation, procedural and substantive due process.

52.    The plaintiff repeats and re-alleges each and every allegation set forth above.

53.    For the violation of the his Constitutional rights as stated above, the plaintiff seeks

5 million dollars in compensatory damages, punitive damages, costs and attorney's fees from

defendants Barshak, Richmond, Muldoon, Massimiano, and Kennedy.

**COUNT 9 -** 42 U.S.C. § 1986, for neglect to prevent the violations stated above in Count 8.

54.    The plaintiff repeats and re-alleges each and every allegation set forth above.

55.    Defendant Marshall had the authority and the ability to prevent the violations

alleged in Count 8 and neglected to do so.  For that neglect, the plaintiff seeks 5 million dollars

in compensatory damages, punitive damages, costs and attorney's fees.

**COUNT 10 -** 42 U.S.C. § 1983, for the creation of an untruthful report on the plaintiff so as to
deny him his 5th Amendment right to an occupation.

56.    The plaintiff repeats and re-alleges each and every allegation set forth above.

57.    Defendant Wall maliciously and intentionally, falsely reported to the Board of Bar

Examiners that the plaintiff was untruthful and of poor character so that he would not be

admitted to the Massachusetts Bar.  For Walls intentional portrayal of the plaintiff to be other

than he is so as to deny him his 5th & 14th Amendment right to an occupation the plaintiff seeks 5

million dollars in compensatory damages, punitive damages, costs and attorney's fees.

**COUNT 11 -** 42 U.S.C. § 1986, action for neglect to prevent.

58.    The plaintiff repeats and re-alleges each and every allegation set forth above.

59.    Defendants Barshak, Richmond, Muldoon, Massimiano and Kennedy had knowledge of the untruthfulness of defendant Wall's report and had the ability to prevent it for denying the plaintiff his right to an occupation as stated above in Count 10, but refused to do so. For their neglect the plaintiff seeks 5 million dollars in compensatory damages, punitive damages, costs, and attorney's fees.

## DECLARATORY JUDGMENTS SOUGHT

**1ST DECLARATORY JUDGMENT SOUGHT**-That it is well settled law in the United States and within the First Circuit that, "Our Constitutional system gives every citizen the right to seek redress in the courts ... without fear that recourse to the law will make that citizen a target for retaliation.", *Powell v. Alexander,* 391 F.3d 1, 16 (1st Cir. 2004)., and the "Report Of Bar Examiners" dated March 4, 2005, submitted as "Attachment Exhibit 1" accompanying "Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss", constitutes a retaliatory act on the part of the "Bar Examiners".

**2nd DECLARATORY JUDGMENT SOUGHT**-That, "For decades, the Supreme Court has consistently recognized the right to petition all branches of government, including the courts, *Cal. Motor Transp. Co. v. Trucking Unltd.,* 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972), for redress of grievances as among the most precious of liberties safeguarded by the Bill of Rights.", *Powell v. Alexander,* 391 F.3d 1, 16 (1st Cir. 2004), and that Mr. Baldi's "Petition For Writ Of Mandamus Or Injunctive Relief" filed in the Supreme Judicial Court for Suffolk County seeking review of two essay questions on the Massachusetts Bar Examination, and all subsequent court filings, and letters sent, in relation to his seeking admittance to the Massachusetts Bar, are rights secured to him pursuant to the federal Constitution and laws of the

12

United States made in accordance with that constitution.

**3rd DECLARATORY JUDGMENT SOUGHT**-That the "Report Of Board Of Bar Examiners" to the Supreme Judicial Court For Suffolk County dated March 4, 2005, is a violation of "Article VI, Part 2 of the United States Constitution, that part commonly referred to as the "Supremacy Clause". Where under the color of state law, ordinance, regulation, custom, or usage of rights, the bar examiners are seeking to deny Mr. Baldi his Constitutional right to an occupation because he exercised rights granted to him by the First Amendment to said Constitution, those being the right to free speech, and to petition the government for a redress of grievances.

**4th DECLARATORY JUDGMENT SOUGHT**-That Mr. Baldi had a Constitutional right pursuant to his federally protected right to procedural due process, and the Federal Rules of Civil Procedure, to Subpoena defendant Edward Barshak to testify at a deposition and the "Bar Examiners" recommendation to the Supreme Judicial Court For Suffolk County recommending denial of Mr. Baldi's admittance to the "Bar" because he exercised a federally protected right, violates the "Supremacy Clause as well as the Constitutional rights of the plaintiff.

**5th DECLARATORY JUDGMENT SOUGHT**-That the "Report Of Board Of Bar Examiners" dated March 4, 2005, untruthfully states that Mr. Baldi "placed and left on the highway the carcass of a deer he had shot". That no such incident occurred, the "Board of Bar Examiners" has knowledge of the fact that no such incident occurred, and that they have deliberately and untruthfully stated the fact.

**6th DECLARATORY JUDGMENT SOUGHT**-That if the Supreme Judicial Court For Suffolk County denies Mr. Baldi admission to the "Massachusetts Bar" pursuant to the recommendation of the "Board of Bar Examiners" report and recommendations dated March 4, 2005, they will be

13

in violation of 18 U.S.C. § 241, Conspiracy against rights, and 18 U.S.C. § 242, Deprivation of

rights under color of law.

**COUNT 12, in EQUITY,** violation of the plaintiff's right to an occupation and his right to free
speech and to petition the government for a redress of grievances.

60.    The plaintiff repeats and er-alleges each and every allegation set forth above.

61.    Defendants Barshack, Richmond, Muldoon, Massimiano and Kennedy in their
"Report Of Board Of Bar Examiners" dated March 4, 2005, have recommended for the Supreme
Judicial Court For Suffolk County to violate the Constitutional right of Mr. Baldi to an
occupation, because on previous occasions he has exercised other federally protected rights; and
said report by the "Board Of Bar Examiners" is a violation of 42 U.S.C. §§ 1985(2) & 1985(3).

62.    Said Board of Bar Examiners having acted in a "Quasi Judicial" nature in

compiling their report, the Plaintiff seeks damages in equity from the Court in the event that it

enters declaratory judgments in his favor, with the amount of those damages to be determined by

a jury.

**COUNT 13**-Violation of 42 U.S.C. § 1986, Action for neglect to prevent.

63.    The plaintiff repeats and re-alleges each and every allegation set forth above.

64.    Defendants Tisei, Romney and Reilly, all had the opportunity to prevent the Board

of Bar Examiners untruthful, and deleterious report to the Supreme Judicial Court for Suffolk

County recommending that it deny the plaintiff admittance to the bar because he exercised rights

and privileges secured to him by the Constitution and laws of the United States.  For their neglect

to prevent said report, the plaintiff seeks compensatory damages in the amount of One million

dollars, punitive damages, costs and attorneys fees, from Richard Tisie, Mitt Romney and

Thomas Reilly.

**INJUNCTIVE RELIEF SOUGHT**

For the Court to issue an order prohibiting the "Board Of Bar Examiners" from

recommending that candidates for admission to the "Massachusetts Bar", be denied admittance

for having exercised a privilege or immunity secured to them by the Constitution and or laws of

the United States.

Respectfully submitted,

Dated: March 28, 2005

John A. Baldi, Pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

## CERTIFICATION OF SERVICE

I certify that on March 28, 2005, a copy of the foregoing document was sent via U.S. Mail
to: Teresa Walsh, One Ashburton Place, Boston, Ma. 02108-1598