UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi, )<br>)<br>         Plaintiff )<br>)<br>v. )<br>)<br>Edward Barshak, et al., )<br>)<br>         Defendants ) | Civil No. 04-12511-RWZ |

### PLAINTIFF'S OBJECTION TO THE DEFENDANTS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), FAILURE TO STATE A CLAIM

The defendants have filed a what appears to be a motion to dismiss pursuant to Rule 12(b)(6) incorporated into "Defendants Memorandum Of Law in Support Of Their Motion To Dismiss. The plaintiff objects and in support of his objection offers the following:

1.  The defendants filed only a memorandum of law and an exhibit (Report Of Board Of Bar Examiners). There is no motion for the memorandum and exhibit to support.

2.  The pleading standard for civil complaints filed in the district courts is Rule 8(a), Fed. R. Civ. P. (See, *Conley v. Gibson*, 355 U.S. 41 (1957), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), *Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004), and the plaintiff's complaint was filed in accordance with the simplified pleading standard imposed by Rule 8(a).

3.  The immunities alleged by the defendants in their "Memorandum Of Law", judicial immunity, quasi judicial immunity and prosecutorial immunity, are not warranted/justified under the present circumstances. None of the acts of the defendants complained of by the plaintiff were

taken pursuant to judicial process. They were all administrative acts, to which the immunities alleged do not apply. (See, Forrester v. White, 484 U.S. 219 (1988), "( c) Respondent's decisions to demote and discharge petitioner were administrative in nature. Such decisions are indistinguishable from those of an executive branch official responsible for making similar d decisions, which no matter how critical to the efficient operation of public institutions, are not entitled to absolute immunity from liability in damages under § 1983." Id at 220).

    4.    The plaintiff has amended his complaint pursuant to Rule 15(a), Fed. R. Civ. P. So as to now include Declaratory Judgments and injunctive relief., and the defendants motion does not address the merits of that aspect of the litigation.

**WHEREFORE,** the plaintiff most respectfully moves for this most **Honorable Court** to:

    A.    Find that the plaintiff's original complaint and amended complaint, both satisfy the simplified pleading standard impose by Rule 8(a), Fed. R.. Civ. P. For civil actions filed in the district courts; and

    B.    Find that the Rule 8(a) standard is now well settled law within the First Circuit; and

    C.    Find there is no reason to suspect at the present time that any of the immunities alleged by the defendants are applicable to the actions complained of by the plaintiff so as to warrant a dismissal of his complaint; and

    D.    Deny the defendants motion to dismiss.

Respectfully submitted,

Dated: March 28, 2005

John A. Baldi, pro se

2

19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing document was sent via U.S. Mail to Teresa Walsh, Esq., One Ashburton Place, Room 1813, Boston, Ma. 02108, on this date, March 28, 2005.

*[signature]*