UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12511-RGS

JOHN A. BALDI

v.

EDWARD BARSHAK, et al.

MEMORANDUM AND ORDER
DEFENDANTS' MOTION TO DISMISS

April 6, 2005

STEARNS, D.J.

On November 30, 2004, John Baldi, proceeding pro se, filed this Complaint against Margaret Marshall, the Chief Justice of the Supreme Judicial Court, Edward Barshak, the Chairman of the Board of Bar Examiners (BBE), Alice Richmond, Robert Muldoon, Jr., Anthony Massimiano, and William Kennedy III, all of whom are members of the BBE, and John Wall, a BBE pro bono attorney. These defendants are all sued in their individual capacities, presumably in deference to Eleventh Amendment sovereign immunity concerns. See Will v. Michigan Department of State Police, 491 U.S. 58, 65-67 (1989); Lopes v. Commonwealth, 442 Mass. 170, 175 (2004). Also named in the Amended Complaint as defendants are the state senator in whose district the plaintiff apparently resides, and the Governor and Attorney General of Massachusetts, although the capacity in which these three elected officials are named is not clear.[1]

---

[1] The Amended Complaint was filed without leave of court after the defendants filed their motion to dismiss. There is no indication in the record that the elected officials were ever served with the original or the Amended Complaint. As there is no merit to the Complaint in either form, I will treat the Amended Complaint as if it had been properly filed and served.

The case arises from the refusal of the BBE to admit Baldi to practice at the Massachusetts bar despite his having passed the state bar examination. The denial was based on the determination of the BBE that Baldi lacks the moral character required for admission to the bar. Baldi is a graduate of the Massachusetts School of Law in Andover, which is yet to be accredited by the American Bar Association. Baldi advances several conspiratorial theories to explain the BBE's adverse action, although in a legal context the claims are framed as alleged violations of his rights to equal protection, free speech, and due process. Putting aside the plausibility of any of these constitutional claims (or the implied common-law claims of defamation and conversion), the non-elected defendants are either absolutely immune from suit or are derivatively so. See, e.g. Mireles v. Waco, 502 U.S. 9, 12-13 (1991) (per curiam); Butz v. Economou, 438 U.S. 478, 508 (1978); Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Johnson v. Board of Bar Overseers of Massachusetts, 324 F. Supp. 2d 276, 286-287 (D. Mass. 2004) (Young, C.J.). Cf. Richman v. Sheahan, 270 F.3d 430, 435 (7th Cir. 2001); Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 701 (1st Cir. 1995). The elected officials named in the Amended Complaint flit through the pleadings with all of the substance of Banquo's ghost. Whatever the capacity in which they are being sued, their inclusion in the Complaint appears at best to have been an anticlimactic afterthought.[2]

---

[2] If there is a theory of unarticulated liability that might apply to these officials, it would concern their failure to inform themselves of the plaintiff's predicament with the BBE and to intervene on his behalf. To the extent that such a theory might be cast as negligence of some sort, it would in any event be insufficient to sustain a due process claim under § 1983 as a matter of law. See Davidson v. Cannon, 474 U.S. 344, 347-348 (1986).

## ORDER

For the foregoing reasons, the Complaint is <u>DISMISSED</u> in its original and amended forms with prejudice.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE