UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| John A. Baldi,<br><br>              Plaintiff<br><br>v.<br><br>Edward Barshak, et al.,<br><br>              Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil No. 04-12511-RWZ<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION TO ATTACH THE INTEREST ONLY LAWYERS TRUST ACCOUNTS Of DEFENDANTS BARSHAK, RICHMOND, MULDOON, MASSIMIANO KENNEDY AND WALL
(Oral Argument Hearing Requested)

Defendants Barshak, Richmond, Muldoon, Massimiano, Kennedy and Wall are all attorneys in the Commonwealth of Massachusetts, with "Interest Only Lawyers Trust Accounts" (IOLTA). In addition, they all participated in the composition of the "Report Of Board Of Bar Examiners" dated March 4, 2005, an untruthful document, comprised of the words and thoughts of the above named defendants, that constitutes prima facie evidence of their deliberate, wilful and intentional violation of the rights and privileges secured to the plaintiff by the Constitution and laws of the United States, warranting the attachment of their IOLTA deposits as motioned for by the plaintiff. In support of his motion the plaintiff offers the following facts, exhibits, and memorandum of law:

    1.    Since 1994, pursuant to State Law (N.H. RSA's 207:26, 207:27, 207:28, 207:29, 207:30 (Ex.1), Fis 304(j) & (k) (Ex.2)), an order from the Merrimack County Superior Court, and permission of the Executive Director Of the N.H. Fish & Game Department (F & G), the plaintiff has been shooting deer that encroached onto his property causing crop damage. At no time

1

from 1994 to the present date, has the plaintiff ever been accused of, charged with, the placing of the carcass of a deer on or in the highway/roadway, of any town, city, or state, anywhere in the world, as alleged on page 2, "Report Of Board Of Bar Examiners". Furthermore, the plaintiff has never been charged with, accused of, violation of any F & G stature, ordinance, regulation by any F & G department or Conservation Officer of any State at any time. As confirmed by the report of "Chief Roger W. Amadon", Epsom police department, dated July 7, 1999 (Ex. 3), the plaintiff at all times, was lawfully shooting the deer. [1] In addition, at the plaintiff's trial in the Concord District Court (State Court), during cross examination, Chief Amadon admitted to the untruthfulness of his report alleging the deer was hung in the tree on the plaintiff's property July 4, 1999 and that they began receiving calls from citizens on that date. All of this information was provided to the defendants when Mr. Wall began his investigation of the plaintiff. Wall lied to the Board of Bar Examiners about the incident in his initial report, the plaintiff exposed Wall's untruthfulness to the Board at the hearing on June 29, 2004, and they continue with their untruthfulness as to the incident in their report dated March 4, 2005.

2. In a deliberate effort to misconstrue why the plaintiff had subpoenaed defendant Barshak to a deposition (top of page 5 of report), the Bar Examiners cut off the response of the plaintiff where he informed them the purpose of the deposition was to establish damages in *Baldi v. Amadon, et al.*. Furthermore, depositions are part of the discovery process, as granted by Rules

---

[1] The deer was placed in the shade of the tree at 8:00am on the morning of July 6, 1999 when the plaintiff went to F & G headquarters to report the shooting. Whereupon a superior officer radioed conservation officer James MacKenzie to tag or pick up the deer carcass. MacKenzie went to the site, but did not comply with the direct orders of his superior. The Epsom police, wanting the shooting of the deer to stop, had arranged with Bail Commissioner Donald Stout, to provide the District Court with a covert letter about the plaintiff, a person whom he had never met and had no knowledge of, prior to the plaintiff being arrested, and the decision of the court was entered onto the "Master Sheet" prior to the trial (See, Ex.4).

26 - 32, Fed. R. Civ. P., and "Procedural Due Process" as granted by the 5th & 14th Amendments. $^{2}$Denying the plaintiff his 5th amendment right to an occupation because he exercised a right or privilege, "retaliation", is long held by the Supreme Court to be supportive of a cause of action pursuant to 42 U.S.C. § 1983, as alleged by the plaintiff in his complaint.

3. Page 9 of the "Report" states that, "the conduct of the applicant demonstrates his characteristic impetuous recklessness both in making accusations and in using court processes." $^{3}$That statement is prima facie evidence that the defendants seek to deny the plaintiff admittance to the Bar because he exercised privileges and immunities granted to him by the 1st Amendment to the Constitution, making it most probable that the plaintiff will prevail on his claims against the defendants.

4. The defendants named above, all have IOLTA accounts, either individually or in conjunction with a law firm in which they are a partner. An attachment to those accounts, prohibiting the defendants from removing funds for other than the operating expense of their respective practice's will prevent the removal of said funds to pay bonuses or profit sharing to a defendant, and preserve said moneys to satisfy a judgment in favor of the plaintiff.

5. The Report Of Board Of Bar Examiners dated March 4, 2005, is definitive proof of their violation of Federal Criminal Statutes 18 U.S.C. §§ 241 & 242, thereby increasing the likely hood the defendants will seize upon all funds at their disposal for fraudulent concealment or use

---

$^{2}$"Claims of retaliation for the exercise of First Amendment rights are cognizable under § 1983." *Powell v. Alexander*, 391 F.3d 1 (1st Cir. 2004), citing *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568 (1977).

$^{3}$The Supreme Court has held that, "Citizens have a right under our constitutional system to criticize government, officials and agencies. Courts are not, and should not be, immune to such criticism." *Konigsberg v. State Bar*, 353 U.S. 252, 269 (1957), citing *Bridges v. California*, 314 U.S. 252.

in defense of criminal charges in the event of prosecution by either the United States or the Commonwealth of Massachusetts.

6. This motion is dispository so concurrence was not sought from the defendants.

**WHEREFORE,** the plaintiff most respectfully moves for this most Honorable Court to:

A. Schedule a hearing for oral arguments on the plaintiff's motion, instructing the clerk to send out notice of said hearing; and

B. Find that the "Report Of Board Of Bar Examiners" dated March 4, 2005, is prima facie evidence that the defendants comprising the Board Of Bar Examiners, and defendant Wall, have violated privileges and immunities granted to the plaintiff by statutory law and the Federal Constitution; and

C. Find that it likely that a jury will find by a preponderance of the evidence that privileges and immunities secured to the plaintiff have been violated and said jury will award to the plaintiff compensatory and punitive damages; and

D. The likely hood of the plaintiff prevailing on his claims as stated in his 1st Amended Complaint, warrants an order of attachment, prohibiting the defendants from withdrawing funds from IOLTA accounts to be deposited into personal or business accounts, other than as necessary to meet the expenses for the operation of their respective law firms;

E. Issue an order of attachment that prohibits the withdrawal of funds from the defendants respective IOLTA accounts, of any monies that will be used to pay BONUSES, PROFIT SHARING, SALARY INCREASES, or EXPENSES, for any of the defendants or their partners in the respective law firms.

Dated: April 5, 2005

Respectfully submitted,

*/s/ J. A. Baldi*

John A. Baldi, pro se
4
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

## CERTIFICATION OF SERVICE

I certify that on this date, April 5, 2005, a copy of the foregoing document, attachments and memorandum of law, was sent U.S. Mail to:

Teresa Walsh, Esq., 18th Floor, One Ashburton Place, Boston, Ma. 02108
Thomas Reilly, Attorney General, One Ashburton Place, Boston, Ma. 02108
Mitt Romney, Governor, State House Building, Boston, Ma. 02133
Hand delivered to the office of Richard Tisie, 979 Main Street, Wakefield, Ma. 01880

*/s/ J. A. Baldi*