UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi, | )<br>)<br>) |
| Plaintiff | ) |
| v. | ) Civil No. 04-12511-RWZ |
| Edward Barshak, et al., | )<br>)<br>) |
| Defendants | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ATTACH THE INTEREST ONLY LAWYERS TRUST ACCOUNTS OF DEFENDANTS BARSHAK, RICHMMOND, MULDOON, MASSIMIANO, KENNEDY AND WALL**

I.  The Law

It is well settled law that, "Claims for retaliation for the exercise of First Amendment rights are cognizable under § 1983, *Powell v. Alexander*, 391 F.3d 1, 16 (1st Cir. 2004), citing *Mt. Healthy City Sch. Dist. Bd. Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, also held is that, "Our constitutional system gives every citizen the right to seek redress in the courts ... without fear that recourse to the law will make that citizen a target for retaliation. *Powell,* 221 F.Supp.2d at 121. The First Amendment to the U.S. Constitution provides, in relevant part: Congress shall make no law ... abridging the freedom of speech, or the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. For decades, the Supreme Court has consistently recognized the right to petition all branches of the government, including the courts, for redress of grievances as among the most precious of liberties safeguarded by the Bill of Rights."*Powell* at 16. Prior precedent holding that, "Because of the very nature of our democracy such expressions of political views must be permitted. Citizens have a right under

1

our constitutional system to criticize government officials and agencies. Courts are not, and should not be, immune to such criticism. Government censorship can no more be reconciled with our national constitution standard of freedom of speech and press when done in the guise of determining moral character, than if it should be attempted directly." *Konigsberg v. State Bar*, 353 U.S. 252, 269 (1957). Furthermore, it is also held by the Supreme Court that, "A state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process Clause of the Fourteenth Amendment." *Schware v. Board Of Bar Examiners Of New Mexico*, 353 U.S. 232 (1957), also holding, that "Even in applying permissible standards, officers of the State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action is invidiously discriminatory." Id at 232, and "The mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct. *Schware* at 241.

Pursuant to federal criminal statutes, 18 U.S.C. § 241, Conspiracy Against Rights, that statute is violated when:

> "If two or more persons conspire to injure, oppress, threaten, or intimidate any
> person in any State, Territory, Commonwealth, Possession, or District in the free
> exercise or enjoyment of any right or privilege secured to him by the Constitution
> or laws of the United States, or because of his having so exercised the same;"

whereas 18 U.S.C. § 242, Deprivation Of Rights Under Color Of Law, is violated when:

> "Whoever, under color of any law, statute, ordinance, regulation or custom,
> willfully subjects any person in any State, Territory, Commonwealth, Possession,
> or District to the deprivation of any rights, privileges, or immunities secured or
> protected by the Constitution or laws of the United States,"

and 18 U.S.C. § 1623, False Declaration Before Grand Jury Or Court, reads:

> ""(a) Whoever under oath (or in any declaration, certificate, verification, or
> statement under penalty of perjury as permitted under section 1746 of title 28,

2

United States Code) in any proceeding before an ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

## II.   Application Of The Law To Present Case

The Supreme Court, "identified the purpose behind the Bill of Rights and the First Amendment in particular: to protect unpopular individual from retaliation-and their ideas from suppression-at the hands of an intolerant society." *Powell* at 16.  In the present case, the defendants seek to retaliate against the plaintiff by denying admittance to the "Bar" because he wrote letters to a court and the officials comprising its staff, and petitioned that court for a "Writ of Mandamus", so stated in the "Report Of Board Of Bar Examiners" dated March 4, 2005. [1]Those acts by the plaintiff, were privileges and immunities granted to him by the First Amendment, and affirmed as such by both the Supreme Court and the Circuit Court of Appeals. It is long held that "Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals exercise of constitutional rights." citations omitted, "Retaliation for the exercise of the right to petition the courts for redress may take many forms, ranging from potential negative treatment for the mere threat to file suit in the future, to actual economic injury following the filing or pursuit of grievances." *Powell* at 17-17.  Here we have present both negative treatment, the Bar Examiners failure to forward the plaintiff's application to the Suffolk County Supreme Court to be acted upon, and economic injury, in the deprivation of the plaintiff's 5th Amendment right to an

---

[1]"Supreme Court has consistently recognized the right to petition all branches of government, including the courts." Cal. Motor Transp. Co. v. Trucking Unltd., 404 U.S. 508, 510, 92 S.C. 609 (1972).

3

occupation.

Where "two or more persons" were involved in the composition of the "Report" referenced above, the conspiracy element of 18 U.S.C. § 241 is met as well as the "or because of his so having exercised the same;" of the statute. In addition, § 242 is also violated in the present case, where the defendants all acted "willfully" in denying the plaintiff both "Due Process" (procedural, when they failed to forward his application in the same time frame as the others who passed the Bar Exam with him), and membership in the Bar, under the color of State law. The "Report", defendants own document, executed by their own hand, is not only prima facie evidence of violation of §§ 242 & 242, standing alone it is evidence sufficient for a reasonable jury to conclude beyond a reasonable doubt that the criminal statutes were violated.

Furthermore, the investigation of the and hearing conducted by the bar Examiners met with the same problem the Supreme Court found with the decision of the New Mexico Supreme Court in *Schware*, "Not a single witness testified that he was not a man of good character." Id at 240 U.S., whereas the plaintiff has provided the Board with numerous reference letters from lawyers and others as to his honesty and good character, as well as the testimony of witnesses at the June 29, 2004 hearing. As stated above, "A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process Clause of the Fourteenth Amendment." *Schware* at 232, and here the Bar Examiners attempt to do so. They have not produce a single letter, document, or witness that refers to the plaintiff as being unfit to practice law in the Commonwealth of Massachusetts. Their actions are strictly retaliatory, whereas with the exception of the deer in the tree incident, all of the other actions and acts of the plaintiff of which the Board complains, occurred after he took the Bar Exam, and were

4

the result of the Boards incompetence and/or failure to comply with the privileges and immunities secure to him by the federal Constitution.

As to the deer that <u>was not placed in the highway</u> as alleged by the defendants in their report, the document constituting the plaintiff's table of exhibits speak for themselves, and confirm that defendants Barshak, Richmond, Muldoon, Massimiano and Kennedy, deliberately and willfully lied about the incident, with the intent to deceive the Supreme Judicial Court For Suffolk County, and the present Court as well. Furthermore, RSA 147:13, Offensive Matter, is a violation level offense (See, Ex.5), it is not a criminal act (See, Ex. 6, Classification of crimes), and the application to the Massachusetts Bar does not require disclosure of non criminal offenses. To the best of his knowledge, the plaintiff is the only applicant in his class of applicants, to whom the Bar Examiners paid any concern or sought to have knowledge of, non criminal acts. Such discrimination violates the Equal Protection of Law Clause (Substantive Due Process) to the fourteenth Amendment.

### III.  Conclusion

The defendants exhibit in support of their Memorandum of Law/Motion to Dismiss, the "Report Of Board Of Bar Examiners", constitutes prima facie evidence of the defendants violation of federal criminal statutes, privileges and immunities granted to the plaintiff by the federal constitution, and an action done in retaliation for having exercised privileges and immunities to which the plaintiff was entitled. The report alone is sufficient evidence for a jury to find by a preponderance of the evidence that the plaintiff is entitled to the compensatory and punitive damages asked for in his first amended complaint. That being so, the plaintiff's motion to attach the IOLTA funds of the defendants is warranted where he is entitled to an action by the

Court to safeguard and preserve the resources of the defendants for payment on claims where the jury finds for the plaintiff.

                                        Respectfully submitted,

Dated: April 5, 2005

                                        John A. Baldi, Pro se
                                        19 Ledge Street
                                        Melrose, Ma. 02176
                                        (781)665-5011

Certification of service is with the motion.