UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| John A. Baldi,<br><br>            Plaintiff<br>v.<br><br>Edward Barshak, et al.,<br><br>           Defendants | Civil No. 04-12511-RGS |

### PLAINTIFF'S OBJECTION TO AND MOTION TO RECONSIDER, THE COURT'S ORDER DATED APRIL 7, 2005, DISMISSING THE PLAINTIFF'S ORIGINAL AND AMENDED COMPLAINTS

On April 7, 2005, the Court issued an order dismissing with prejudice, the plaintiff's original complaint and his amended complaint. He objects to the Court's order and the dismissal, preserving the right to appeal, and "Motions" the Court to reconsider it's order, and offers the following facts, and memorandum of law in support of his motion:

    1.    The Court's order vents misplaced frustration (footnote 1) over the fact that the plaintiff filed an "Amended Complaint" after the defendants filed their motion to dismiss "without leave of the court". The amended complaint was filed in accordance with Rule 15(a), Fed. R. Civ. P. which grants as a right, that "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . ." just as the plaintiff did in the present case. [1]It appears that the Court mistakenly believe the defendants motion to dismiss pursuant to Rule 12(b)(6) was a responsive pleading.

---

[1]Privilege of amending pleadings as of right survives filing of either motion to dismiss or motion for summary judgment. *Hagee v. City of Evanston*, D.C.Ill. 1982, 95 F.R.D. 344

1

2. As the Court correctly notes in its order (page 1), the defendants are all being sued in their individual capacities, not their official capacity. [2]Therefore it's reference to Eleventh Amendment and sovereign immunity, as reference in the cases cited by the Court, *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 65-67 (1989); *Lopes v. Commonwealth*, 442 Mass. 170, 175 (2004)) are not applicable to individual capacity suits where public officials are in violation of "clearly established statutory or constitutional rights." In this case, the plaintiff clearly established the two issues set forth by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001) that allows for civil damages against the defendants in the present case. Furthermore, in the First Circuit, it is well established law that a plaintiff may sue a government officer in her individual capacity for alleged wrongs committed by officer in her official capacity pursuant to 42 U.S.C. § 1983. (See, Powell v. Alexander, 391 F.3d 1 (1st Cir)

3. The issues addressed by the Court in it's order as to the three additional defendants (state officials) added in the amended complaint are misplaced and in error as to what is stated in the complaint. The three additional defendants were served by U.S. Mail, with a copy of the amended complaint, two waiver of service of summons forms, and a stamped envelope addressed to the plaintiff for return to him of a waiver form. This was all done in accordance with the provisions of Rule 4(d), Fed. R. Civ. P., and exactly the same manner the defendants in the original complaint were served. The period of time allowed for return of the waiver form by the defendants had not yet transpired, as such they have not been returned to the plaintiff, and that is why they are not yet docketed. Enclosed as exhibits 1, 2, 3 are copies of the waiver form retained by the plaintiff, so as to address the Court's concern. In addition, the Court's footnote as to the

---

[2]See, *Frazier v. Bailey*, 957 F.2d 920 (1st Cir. 1992) for the two issues that must be established for public officials to be sued in their individual capacity.

2

three officials added as defendants, it incorrectly alleges a § 1983 action against them and incorrectly assumes they were not informed/aware, of the plaintiff's predicament. The plaintiff had contact with each of these defendants prior to amending his complaint, and the cause of action against them is pursuant to § 1986, Neglect to prevent. And again, these three officials were not acting in any official capacity, because they did nothing, they are sued in their individual capacity and can be sued because the plaintiff's claims against them pass the two prong test referenced above.

4. [3]In reading the Court's order, it makes no reference to the defendants alleged motion, and appears to have been written without addressing the issue as to whether or not the defendants did in fact file a motion to dismiss, whether Rule 12(b)(6) is applicable to dismissal of a complaint where both the Supreme Court and the Circuit Court of Appeals (all prior 1st Cir. 12(b)(6) precedents have been overruled) have defined Rule 8(a) as the pleading standard for complaints filed in the district courts, or if the dismissal is sua sponte pursuant to a mistaken belief by the Court that the defendants are being sued for actions covered by judicial quasi judicial or some other immunity.

5. There is not a single count in either the original or amended complaint, where the plaintiff seeks damages from a defendant for a judicial, or quasi judicial act. In each instance, the count for which the named defendant is sued for damages, it is for a non judicial act, or for their failure to act.

6. The defendants filed only a "Memorandum Of Law In Support Of Their Motion To Dismiss", and one attached exhibit, "Report Of Board Of Bar Examiners", the clerk erred in

---

[3]The order of April 7, 2005 dismisses the complaint but does not do so by granting the defendants motion to dismiss.

3

docketing it as a "Motion To Dismiss" (entry 15, docketing report) where in fact, no motion was filed, and the attached exhibit was an untruthful document as shown by the exhibits attached to the plaintiff's motion for attachment, previously filed.

7. The Courts order mistakenly claims that the BBE has refused to admit the plaintiff to practice at the Massachusetts Bar (page 2). The first error is that the BBE is not the body that rules on the admission of applicants, that is done by the Supreme Judicial Court For Suffolk County. The second error is that the plaintiff has not been denied admittance, the Court has not ruled because the BBE failed to comply with the rules established by the Court and forward the application for them to act on it. That is what the case arises from, not refusal to admit as so stated by the Court. [4]The defendants denied the plaintiff procedural due process and equal protection of the law when they provided the Supreme Judicial Court For Suffolk County the applications of all the other applicants in the class of applicants who passed the bar exam when the plaintiff took it, but without authority to do so, failed to forward the application of the plaintiff.

8. [5]The plaintiff's "Amended Complaint" asks for declaratory judgment as to the law and for injunctive relief for constitutional violations and it is well settled law that "Judicial Immunity is not a bar to prospective injunctive relief against a judicial officer. Therefore, the "Doctrine of Precedence", requiring lower courts to follow the rulings of higher courts, mandates, the district court to vacate its order dismissing the plaintiff's amended complaint.

9. The Court's order dismissing the plaintiff's complaint is not in compliance witht

---

[4] Judge Tauro, case No. 04-10198, at a hearing, informed the BBE that they could not continue to keep the plaintiff's application from being acted on by the Supreme Court.

[5] Supreme Court holding in *Pulliam v. Allen*, 466 U.S. 522 (1984)

4

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __John A. Baldi__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Thomas Reilly__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __John A. Baldi v. Edward Barshak, et al.__,
(CAPTION OF ACTION)

which is case number __04-12511-RWZ__ in the United States District Court
(DOCKET NUMBER)

for the District of __Massachusetts__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __March 29, 2005__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                        (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
      (TITLE)           (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _John A. Baldi_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _Mitt Romney_ (DEFENDANT NAME), acknowledge receipt of your request that I waive service of summons in the action of _John A. Baldi / Edward Borshak_ (CAPTION OF ACTION), which is case number _04-12511-RWZ_ (DOCKET NUMBER) in the United States District Court for the _____ District of _Massachusetts_.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _March 29, 2005_ (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

_____  _____
(DATE)           (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
    (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

Ex. 3

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __John A. Baldi_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Richard Tisei_____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __John A. Baldi v. Edward Barshak, et al.__,
(CAPTION OF ACTION)

which is case number __04-12511-RWZ__ in the United States District Court
(DOCKET NUMBER)

for the _____ District of __Massachusetts__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __March 29, 2005__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____     _____
(DATE)                      (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
   (TITLE)           (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.