UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>            Plaintiff<br><br>v.<br><br>Edward Barshak, et al.,<br><br>            Defendants | Civil No. 04-12511-RGS |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO THE COURT'S ORDER DATED APRIL 7, 2005, DISMISSING HIS ORIGINAL AND AMENDED COMPLAINT, AND MOTION TO RECONSIDER

#### I. Standard of Review

The Supreme Court in reciting *Hishon v. King & Spaulding,* 467 U.S. 69, 73, made it is well settled law that "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and that a claim "must contain only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. Rule Civ. Proc. 8(a)(2)." *Swierkiewicz* at 506.

#### II. The Law

In resolving the issue as to whether or not a heightened standard of pleading is require in civil complaints filed in the district courts, the Supreme Court held, "Rule 8(a)'s simplified pleading standard applies to all civil actions with limited exceptions." *Swierkiewicz* at 513, and "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to

1

facilitate a proper decision on the merits." Id at 514, and, "Furthermore, Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test, Id at 515.

It is also well settled law that Judicial Immunity is overcome in two sets of circumstances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Forrester v. White,* 484 U.S. at 227-229; *Stump v. Sparkman,* 435 U.S. at 360. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Id. At 356-357, *Mireles v. Waco,* 502 U.S. 9 (1991), and, "The Supreme Court has rejected absolute immunity for judges acting in an administrative capacity, *Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 545 (1988)," *Wagshal v. Foster,* 28 F.3d 1249, 1252 (D.C. Cir. 1994). However, "Absolute judicial immunity does not bar prospective injunctive relief against a judicial officer acting in her judicial capacity. *Pullman v. Allen,* 46 U.S. 522, 541-42, 104 S.Ct. 1970, 1981." *Rullan v. Council Of Co-owners Of McKinley Court Condominium,* 899 F.Supp. 857 (D.Puerto Rico 1995).

As to public officials, "Public officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known; qualified immunity inquiry requires examination of two issues: whether at the time of alleged conduct there was clearly established constitutional right that was violated; and whether reasonable person would have known that her conduct violated that constitutional right.", *Frazier v. Bailey,* 957 F.2d 920, 921 (1st Cir. 1992). Furthermore, the Supreme Court and the majority of

2

the circuits have recognized that, "under § 1983, a plaintiff may sue a [governmental] officer in [her] individual capacity for alleged wrongs committed by the officer in [her] official capacity. *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990). It simply does not follow that every time a public official acts under color of state law, the suit must of necessity be one against the official in his or her official capacity. *Melo v. Hafer*, 912 F.2d 628, 636 (3rd Cir. 1990), *aff'd, 502 U.S. 21, 112 S.Ct. 358 (1991)*." *Powell v. Alexander*, 391 F.3d 1, 24 (1st Cir. 2004).

Also well settled law is the fact that, "Claims of retaliation for the exercise of First Amendment rights are cognizable under § 1983. *See, e.g. Mt. Healthy City Sch. Dist. Bd. Of Educ. V. Doyle*, 429 U.S. 274, 97 S.Ct. 568 (1977)." *Powell* at 16, and that, "our constitutional system gives every citizen the right to seek redress in the courts . . . without fear that recourse to the law will make that citizen a target for retaliation. Id at 16.

### III.  Application Of The Law To Present Case

Addressing the issue of Judicial Immunity, only defendant Marshall is a judge. She is named as a defendant in Counts 2, 3, 4, 5, 6, 7 & 9. None of the actions alleged by the plaintiff in those counts involve any judicial actions on her part. The counts all involve conspiracies on the part of the defendants pursuant to 42 U.S.C. §§ 1985(2) & (3) or a neglect to prevent, pursuant to § 1986. The plaintiff sent her letters, spoke with her clerk, and she did nothing to prevent the damages caused to the plaintiff from the violation of his constitutional rights. Even under the broadest application of judicial functions, a failure to act, to do nothing, is not a judicial function and therefore judicial immunity is not applicable as a defense to the claims against defendant Marshall.

Addressing the issue of quasi-judicial immunity, only the defendants on the BBE have a

3

quasi-judicial function to perform as part of their duties to the position. However, none of those defendants are being sued for actions taken as part of their quasi-judicial duties. As to their actions toward the plaintiff. The only quasi-judicial function they undertook was to write their "Report Of Board Of Bar Examiners", and they are not being sued for damages for that report. There, the plaintiff seeks a declaratory judgment as to the contents of the report and asks for injunctive relief in accordance with what the law allows. As shown and cited above, there is neither judicial or quasi-judicial immunity from injunctive relief for violation of a plaintiff's constitutional rights. Their self proclaimed report is fatal to any defense alleged. They have publicly stated that the 1st Amendment rights exercised by the plaintiff are the reason they are recommending for the court to deny his admittance. As cited above, *Powell v. Alexander* is definitive in denying them an immunity or defense of any kind.

Furthermore, it is the Circuit Court of Appeals decision in *Powell* that is also fatal to the remaining defendants. As cited above, "under § 1983, a plaintiff may sue a government officer in her individual capacity for alleged wrongs committed by the officer in her official capacity." *Powell* at 23-24. The defendants are all officials, with the exception of Wall who was acting in conjunction with those official as a pseudo official. The Court's order of April 7, 2005 acknowledges that they are sued in their individual capacity and the "Report" is prima facie evidence of everything alleged by the plaintiff in his complaint. If the Court follows the "Doctrine of Precedence", as mandated by the Supreme Court on *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703 (1982), holding that, "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts think it to be." Id at 375 U.S, 706 S.Ct., it must vacate

4

its order of April 7, 2005 dismissing with prejudice the original and amended complaints of the plaintiff.

## IV. Conclusion

The Court's order dated April 7, 2005 was in error whereas it failed to comply with the ruling of the precedent cases of both the Supreme Court and the First Circuit Court of Appeals, and federal statutory law allowing for declaratory judgments and injunctive relief. The order must be vacated and the plaintiff's amended complaint and all its claims and prayer, be allowed to proceed to a final judgment. Failure to reinstate the amended complaint will defeat justice, violate the Doctrine of Precedent, and defeat the intent of Congress when it enacted the civil rights statutes. The Court must vacate its order of April 7, 2005.

Respectfully submitted,

Dated: April 12, 2005

John A. Baldi, pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing memorandum, accompanying motion and exhibits, were all sent via U.S. Mail, April 12, 2005, to:

Teresa Walsh, Esq.
Thomas Reilly
Mitt Romney
and hand delivered to the Wakefield office of Richard Tisei