UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| John A. Baldi,<br><br>                Plaintiff<br>v.<br><br>Edward Barshak, et al.,<br><br>                Defendants | Civil No. 04-12511-~~RWZ~~ RGS |

### PLAINTIFF'S MOTION PURSUANT TO RULE 11(A), FED. R. CIV. P., FOR THE COURT TO SANCTION DEFENDANTS EDWARD BARSHAK, ALICE RICHMOND, ROBERT MULDOON, JR., ANTHONY MASSIMIANO, WILLIAM KENNEDY, III, JOHN WALL AND THEIR COUNSEL, TERESA WALSH

In accordance with the provisions of Rule 11(A), Fed. R. Civ. P. the plaintiff motions the Court to impose sanctions against the above named defendants in the title and their counsel, Teresa Walsh, for violation of Rule 11(b). In support of his motion the plaintiff offers the following:

1.    [1]The above named defendants, the Board of Bar Examiners, promulgated a written document entitled "Report Of Board Of Bar Examiners", dated March 4, 2005, and sent said report to the Supreme Judicial Court for Suffolk County as well as attaching a copy to their "Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss (Ex.1) docketed with the District Court.

2.    The above referenced report is untruthful in that it alleges the plaintiff "placed and left on the highway the carcass of a deer he had shot (P2 of Report). The "Bar Examiner"

---

[1]Defendants counsel did not file a motion with the memorandum of law and accompanying exhibit.

1

defendants all have knowledge of the fact that their allegation is untruthful, and that the plaintiff never placed a deer shot by him on the highway and that he was never accused of placing a dead deer on the highway at any time. The plaintiff was accused of violating RSA 147:13, Offensive Matter (Ex.1) (a non criminal violation, See, Ex.5 ), when he lawfully shot a deer causing him crop damage on the night of July 5, 1999, and hung it in the shade of a maple tree on his property at 8:00am on the morning of July 6, 1999 while he went to Fish & Game Headquarters and reported the shooting (Ex. 2, L1-5). Conservation Officer James MacKenzie was radioed by headquarters to go to the plaintiff's property and remove the deer or tag it so the plaintiff could remove it (Ex.2, P11, L13-25, P12, L1-6). He went there, arriving at 9:00am, but did not remove the deer, did not tag it so the plaintiff could dispose of it (See, Ex.4), and left nothing in the form of a communication so as to inform the plaintiff that he had been their. MacKenzie worked a scam with the Epsom police, who wanted the plaintiff to stop shooting the deer despite the fact he had a statutory right to do so, consent of the Executive Director of the Fish & Game Department, and a court order instructing F & G that he had the right to shoot the deer. MacKenzie didn't take the deer so Chief Amadon (Epsom P.D.) Could falsely allege in a complaint that the deer was placed in the tree on the 4th of July, not the 6th (See, Ex.3), and the trial judge could then find the plaintiff guilty of violating RSA 147:13 which conflicted with the law the plaintiff was complying with Fis 304(j) (See, Ex.4). [2]The guilty verdict was pre-arranged with the trial judge as shown by the state district court's master sheet (Ex.6)

    3.    All of the documents referenced as exhibits above, were provided to the board of

---

[2]The second day of trial was Dec. 8, 1999 as shown in the cover page of Ex.2, and the master sheet of the state court Ex.6, but the judge entered his verdict on the master sheet Dec. 7, 1999, before the state concluded its case and before Mr. Baldi had an opportunity to defend.

Bar Examiners and their investigator, Defendant Wall, including a complete transcript of the state court trial. Their accusation that the carcass of the deer was placed in the road is a deliberate lie in violation of Rule 11(b)(3), set forth with the intention of placing the plaintiff in a false light before both the District Court and the Supreme Judicial Court for Suffolk County. The rule imposes a duty on the defendants counsel, Teresa Walsh, to conduct a reasonable inquiry as to the accuracy of the facts presented to the court on behalf of her clients and she clearly failed to do so in the present case.

4. The first paragraph of the defendants' memorandum of law, which also appears to be their motion, asks the Court to dismiss pursuant to Rule 12(b)(6) because the plaintiff's complaint fails to state a claim upon which relief can be granted. That is a frivolous argument which violates Rule 11(b)(2), where it is long settled law in the United States, and now within the First Circuit, that the pleading standard for civil complaints filed in the district courts is the simplified standard imposed by Rule 8(a), Fed. R. Civ. P., and that Rule 12(b)(6) is an evidentiary standard (See, *Conley v. Gibson, Swierkiewicz v. Sorema N.A. & Educadores v. Hernandez* in the accompanying memorandum of law). The defendants and their counsel, Teresa Walsh, were afforded this information in the preface of the plaintiff's complaint, but deliberately and frivolously chose to ignore it and argue for the Court to act in defiance of well settled law by dismissing the plaintiff's complaint pursuant to Rule 12(b)(6).

5. In her "Summary Of The Argument", P2 of the defendants memorandum of law/motion to dismiss, counsel continues in her frivolous arguments by alleging that defendant Marshal qualifies for judicial immunity, Defendants Barshak, Richmond, Muldoon, Massimiano & Kennedy qualify for quasi-judicial immunity, and Wall qualifies for prosecutorial immunity.

None of the immunities cited by defendants counsel are applicable to the present case. Wall did not prosecute anything, and he did not act in a role other than an investigator and administrator. He deliberately composed an untruthful report to the Board Of Bar Examiners about the plaintiff when he in fact had, both documentation and knowledge of the untruthfulness of the facts so stated in his report. Defendants Marshall, Barshak, Richmond, Muldoon, Massimiano and Kennedy are being sued in an administrative capacity for what they didn't do, to qualify for judicial and quasi-judicial immunity a defendant has to have been acting in a judicial capacity. That means acting, doing something. In the present case the defendants are accused of not acting, and doing so in retaliation to what the plaintiff did. There is no § 1983 immunity for administrative acts (See, Foster v. White in plaintiff's memorandum of law).

6. With the inclusion of the "Report Of Board Of Bar Examiners" as an accompanying exhibit to their memorandum of law/motion to dismiss, the defendants and their counsel are arguing for the Court to assist them in violation of United States criminal laws 18 U.S.C. §§ 241 & 242. The report confirms the defendants criminal intent and acts where they profess to the Supreme Judicial Court for Suffolk County, that the plaintiff should be denied admission to the Massachusetts Bar for having exercised privileges and immunities secured to him by the Constitution and laws of the United States. By filing the report as an exhibit, defense counsel Teresa Walsh has inculpated herself into the "Conspiracy against rights, § 241 violation, and done so "willfully" and "under color of law" so as to complete a § 242 violation.

7. This motion is served on the counsel of the defendants by U.S. Mail, a minimum of 21 days prior to filing it with the Court, in accordance with the provisions of Rule 11(A), Fed. R. Civ. P.. Said motion being dispository concurrence was not sought from the defendants or

their counsel.

**WHEREFORE,** the plaintiff most respectfully moves for this most **Honorable Court** to:

A.   Find that the defendants and their counsel, Teresa Walsh, have violated Rule 11(b), Representation to Court, Fed. R. Civ. P. with the filing of a frivolous motion to dismiss pursuant to Rule 12(b)(6), and an untruthful exhibit attached in support of that motion, said exhibit also professing violation of federal criminal statutes 18 U.S.C. §§ 241 &242; and

B.   Sanction defendants Marshall, Barshak, Richmond, Muldoon, Massimiano, Kennedy, Wall and their counsel Teresa Walsh, $500.00 each, to be paid to the plaintiff forthwith.

Respectfully submitted,

Dated: March 29, 2005

*/s/ John A. Baldi*
John A. Baldi, pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing document, exhibits and accompanying memorandum of law, was sent U.S. Mail, March 29, 2005, to Teresa Walsh, One Ashburton Place, 18th Floor, Boston, Ma. 02108-1598.

*/s/ J.A.Baldi*