UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>Edward Barshak, et al.,<br><br>　　　　　　Defendants | Civil No. 04-12511-~~RWZ~~ RGS |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SANCTIONS

### Standard of Review

It is well settled law that, "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002), a unanimous decision, reconfirming, "that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.", *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

### The Law

Also long held is the fact that "Given the Federal Rules simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishson v. King & Spauldng,* 467 U.S. 69, 73 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."

*Swierkiewicz* at 514, and "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principal that the purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz* at 514.

As to the First Circuit, on May 10, 2004, the Court of Appeals ruled on *Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61 (1st Cir. (2004), and held that Rule 8(a) as defined by the Supreme Court in Swiekiewicz is now the pleading standard, and that all of its prior decisions applying a heightened standard of pleading are now overruled.

With respect to the plaintiff's claims, "Claims of retaliation for the exercise of First Amendment rights are cognizable under § 1983.", *Powell v. Alexander,* 391 F.3d 1, 16 (1st Cir. 2004), and "For decades, the Supreme Court has consistently recognized the right to petition all branches of the government, including the courts, for redress of grievances as among the most precious of the liberties safeguarded by the Bill of Rights. Id at 16, and "The purpose behind the Bill of Rights, and of the First Amendment in particular: to protect unpopular individuals from retaliation-and their ideas from suppression-at the hand of an intolerant society." *Powell* at 16 citing *McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 357 (1995).

As to Judicial, Quasi-Judicial, and Prosecutorial immunity, "Judges have long enjoyed absolute immunity from liability in damages for their judicial or adjudicatory acts, primarily in order to protect judicial independence by insulating judges from vexatious actions by disgruntled litigants. Truly judicial acts, however, must be distinguished from the administrative, legislative, or executive functions that judges may occasionally be assigned by law to preform. It is the nature of the function preformed-adjudication-rather than the identity of the actor who performs it-a judge-that determines whether absolute immunity attaches to the act." *Forrester v. White,*

2

458 U.S. 219 (1987), and "Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts." Id at 228, and, "Such decisions, like personnel decisions made by judges, are often crucial to the effcient operation of public institutions (some of which are at least as important as the courts), yet no one suggests that they give rise to absolute immunity from liability in damages under § 1983." Id at 229. Furthermore, "judicial immunity does not insulate from damages liability those private persons who corruptly conspire with a judge ." *Dennis v. Sparks*, 449 U.S. 24 (1980), also holding that, "As the Court of Appeals correctly understood our cases to hold, to act under the color of state law for § 1983 purposes does not require that the defendant be an officer of the state. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting under color of law for purposes of § 1983 actions." Id at 27, and "immunity is dependant on the challenged conduct being an official judicial act within his statutory jurisdiction, broadly construed." Id at 29, "and the burden is on the official claiming immunity to demonstrate his entitlement.." Id at 29. However, "Judges are immune from § 1983 damages actions, but they are subject to criminal prosecutions as are other citizens." Id at 31.

Pursuant to the applicable federal criminal statutes, 18 U.S.C. § 241, Conspiracy against rights, is violated:

> "If two or more persons conspire to injure, oppress, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States or because of his having so exercised the same;"

3

Whereas 18 U.S.C. § 242 Deprivation of rights under color of law, is violated when:

> "Whoever, under color of any law, statute, ordinance, regulation or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," . . .

### Application Of The Law To The Present Case
(Argument)

We first address the issue of prosecutorial immunity as to defendant wall. He is not either a state employee or official. He is but a private person who worked in unison with the other defendants who are State officials, to deny the plaintiff rights secured to him by federal law and Constitution. The mirror image of what the Supreme Court held in *Dennis v. Sparks*, 449 U.S. 24 (1980) when they ruled "Private persons, jointly engaged with state officials in a challenged action, are acting under the color of law for purposes of § 1983 actions. Defendant Wall has no applicable immunity, prosecutorial or otherwise.

Counts 2, 5, 6, 9 & 11 of the plaintiff's complaint are all pursuant to 42 U.S.C. § 1986, Action for neglect to prevent. There is no judicial, or quasi-judicial act being performed. Defendants Marshall, Barshak, Richmond, Muldoon, Masimiano, and Kennedy are all being held liable for the plaintiff's damages because of what they did not do in the face of a clear deprivation of the privileges and immunities secured to the plaintiff by the laws and Constitution of the United States. No matter how broadly one wishes to construe the immunities claimed by the defendants, they clearly are not applicable to the plaintiff's § 1986 claims.

Count 6 of the plaintiff's complaint has to do with defendant Barshak only, and his actions and threat to the plaintiff regarding a civil action in the state of New Hampshire. There is nothing in that count that can in anyway be construed as a quasi-judicial act on the part of the

defendant. He stole money/property, from the plaintiff under the color of state law and threatened to deny him admittance to the Bar (intimidation) if the plaintiff did not act in accordance with his wishes. Barshaks acts were a clear violation of 18 U.S.C. §§ 241 (conspired with other bar examiners) and 242. He should be criminally prosecuted as well as held liable for the damages to the plaintiff. The defense alleged by the defendant and his counsel is frivolous beyond conception.

The other counts contained in the complaint that reference the defendants in the present motion are all pursuant to either § 1983 or §1985, and none of them involve a judicial or quasi-judicial act undertaken by the defendants. The first and only act/acts taken by the defendants that can be construed as either judicial or quasi-judicial, is their "Report" to the Supreme Judicial Court for Suffolk County, and there are no counts contained in the plaintiff's complaint seeking damages from them for that report. However, said report is prima facie evidence of the intent of the defendants composing the "Board Of Bar Examiners" to deny the plaintiff admittance to the Massachusetts Bar because he chose to exercise rights and privileges secured to him by the Constitution and federal law. The "Bar Examiners Report" dated March 4, 2005, is also definitive proof, over and above that which is construed as prima facie, of the "Bar Examiner Defendants" and their counsel Teresa Walsh's violation of 18 U.S.C. §§ 241 & 242, warranting both sanctions and criminal prosecution.

## Conclusion

The defendants memorandum of law/motion to dismiss, pursuant to Rule 12(b)(6) is not only frivolous, but also asks for the Court to rule contrary to well settle law established by the precedent of the Court of Appeals and Supreme Court. The doctrine of precedence as held in

*Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 1136 (1982), mandates for the District Court to follow the precedent decisions of the higher courts. The defendants exhibit 1, the "Report of The Board of Bar Examiners" is definitive evidence of their violation of Rule 11(b), and the defendants and their counsel should be sanctioned for the violation.

Certification is with the plaintiff's motion.

Respectfully submitted,

Dated: March 29, 2005

John A. Baldi, pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011