UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN A. BALDI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )    Civil No. 04-12511-RGS |
| | ) |
| EDWARD BARSHAK, et al., | ) |
| | ) |
| Defendants | ) |
| | ) |

**PLAINTIFF'S MOTION PURSUANT TO RULE 60(b), FED. R. CIV. P., FOR RELIEF
FROM JUDGMENT AND ORDERS OF THE COURT DATED APRIL 7, 2005,
GRANTING DEFENDANTS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6),
FED. R. CIV. P, AND MAY 12, 2005, DENYING PLAINTIFF'S MOTION TO
RECONSIDER THE APRIL 7TH ORDER AND DENYING THE PLAINTIFF'S MOTION
FOR SANCTIONS PURSUANT TO RULE 11(A), FED. R. CIV. P.**

Pursuant to Rule 60(b), Fed. R. Civ. P., which allows for relief from judgment or an order

for "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc." the

Plaintiff brings this motion and asks the Court to vacate its orders dated April 7, 2005, and May

12, 2005 as well as final judgment if issued. In support of hhis motion the plaintiff offers the

following:

1.      In compliance with Rule 11(A), of the Fed. R. Civ. P. The plaintiff filed a motion

for sanctions against defendants Barshak, Richmond, Muldoon, Massimiano, Kennedy, Wall, and

their counsel, Teresa Walsh, dated March 29, 2005. Plaintiff's motion was in response to the

defendants untruthful motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. And the

untruthful attachments accompanying the motion. The defendants did not contest that their

motion and attachments were untruthful, nor did they correct the untruthfulness of the documents

filed during the 21 day safe harbor period. They chose not to respond in any way.

1

2.    The purpose of the defendants untruthful filings was to deny the plaintiff his 5th Amendment Constitutional right to an occupation under color of state law, a violation of 18 U.S.C. § 242, and where the violation was executed in a conspiracy of "two or more persons", 18 U.S.C. § 241 was also violated.

3.    On April 7, 2005 the Court issued an order granting the defendants motion to dismiss, based on an untruthful motion with untruthful and fraudulent attachments. Rule 60(b)(3) fraud, allows for relief from a judgment where, "(whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party;"

4.    On May 12, 2005 the Court issued orders denying the plaintiff motion for sanctions against the defendant and their untruthful counsel as well as denying plaintiff's motion to reconsider the Court's order of April 7, 2005.

5.    Rule 60(b)(1), "Mistake", allows for the Court to correct a mistake .

6.    When the defendants and their counsel filed their untruthful motion and untruthful attachments, and then failed to correct within the safe harbor period after notice from the plaintiff, they violated 18 U.S.C. §§ 1621, "Perjury" and 1623, "False Declarations before grand jury or court.

7.    Well established law within the 1st Circuit holds that to be found guilty of violating 18 U.S.C. § 241, there is no overt act requirement (See, *U.S. v. Crochiere*, 129 F.3d 233, 237-238 (1997). When the Court issued it's orders granting the defendants motion to dismiss, and denied the plaintiff's motion for sanctions, it mistakenly became part of the defendants conspiracy and committed an overt act in furtherance of the conspiracy, an error which it should correct pursuant to this motion.

2

8.    The Court's order granting the defendants motion to dismiss pursuant to Rule 12(b)(6), is not in compliance with the current precedent of the First Circuit as to the notice pleading standard requirements of Rule 8(a), Fed. R. Civ. P., as held in *Educadores Puertorriquenos v. Hernandez*, 367 F.3d 61 (1st Cir. 2004), bringing it into compliance with the holding of a unanimous Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), a mistake the Court can correct pursuant to this motion.

9.    It is well settled law within the 1st Circuit that, "Rule 60(b) invested the federal courts in certain carefully delimited situations, with the power to vacate judgments whenever such action is appropriate to accomplish justice.", *Kettenbach v. Demoulas,* 901 F.Supp. 486, 492 (D.Mass 1995), citing *Teamsters, Chauffeurs, Wharehousemen, and Helpers Union, Local No. 59,* 953 F.2d 17, 19 (1st Cir, 1992) (quoting *Klapprott v. U.S.,* 335 U.S. 601, 614-15, 69 S.Ct. 384, 390 (1949). Therefore the Court should make use of Rule 60(b) to correct the mistakes of its prior orders.

10.    Allowance of perjury and other criminal acts without recourse when know to the siting judge, violates the canons of judicial conduct.

11.    This motion is dispository so concurrence was not sought from the defendants or their counsel.

WHEREFORE, the Plaintiff most respectfully moves for this Most Honorable Court to:

A.    Pursuant to Rule 60(b), of the Fed. R. Civ. P., vacate the above referenced orders of the Court dated April 7, 2005, granting the defendants their motion to dismiss, May 12, 2005 denying the plaintiff's motion to reconsider, and May 12, 2005 denying the plaintiff's motion for sanctions; and

3

B.    Issue and order denying the defendants motion to dismiss, and inclusive with that order, set a date for the defendants to file responsive pleadings; and

C.    Instruct the clerk to set a date, and to send out notice to the parties, for a hearing on the plaintiff's motion for sanctions; and

D.    Vacate judgment order if issued.

Respectfully submitted,

Dated: June 3, 2005

John A. Baldi, pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

## CERTIFICATION OF SERVICE

I certify that on June 3, 2005, a copy of the foregoing document was sent via U.S. Mail to Teresa Walsh, Esq., at One Ashburton Place, 18th Floor, Boston, Ma. 02108-1598.

4